COMMONWEALTH *vs.* STEPHEN C. BRESNAHAN.
SAME *vs.* WILBUR H. FISHER.

Suffolk.    January 26, 1926. — February 26, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Kidnapping.    Agency*, Criminal responsibility of agent.    *Parent and Child. Marriage and Divorce.*

One, who, at the request of and in company with the father of a minor child who is libellee in divorce proceedings in which both the father and mother have filed petitions for custody of the child, nineteen days after the petitions were heard and eighteen days after a decision giving custody of the child to the mother has been entered, seized the child and delivered him into the father's custody, knowing of the father's purpose to take the child from the custody of the mother, that such taking would be without the consent of the mother and child, and that the child would be restrained in his free movements and at all times would be subject to the will of the father, acted at his peril and, upon his indictment for kidnapping the child, must be assumed to have taken him with the knowledge and intent that he would be secreted and confined so that the purpose of the father would be fulfilled, and may be found guilty, although he is not proved actually to have known of the decree giving custody of the child to the mother.

At the trial of an indictment against the father for kidnapping his minor son in the circumstances above described, it was admitted that the defendant intended to take the child from his mother's custody and, on the defendant's own testimony, that when he took the child he intended to remove him from the jurisdiction of the court where his petition for custody had been denied for more than two weeks.    *Held*, that, putting to one side the question of actual knowledge of the decree on the part of the defendant, it was plain that he was bound to ascertain the terms of the decree when it was entered and that he took the chance that such decree might be in favor of the petition of his wife and consequently acted at his peril: a verdict of guilty was warranted.

INDICTMENT, found and returned on October 11, 1924, charging that Stephen C. Bresnahan on August 6, 1924, "did without lawful authority, forcibly seize, confine, inveigle and kidnap one Wilbur M. Fisher," then in the lawful custody of his mother Mary E. Fisher, with intent to cause him "to be secretly confined and imprisoned in this Commonwealth against his will."    Also, an

INDICTMENT in four counts, found and returned on March 4, 1925, charging Wilbur H. Fisher, the father of Wilbur M. Fisher, with unlawful seizure and imprisonment of the child and transportation out of the Commonwealth.

In the Superior Court, the two indictments were separately tried before *Bishop*, J., the first indictment being tried before the second indictment was returned. Material evidence at each trial is described in the opinion.

At the trial of the indictment against Bresnahan, the defendant in writing requested that the judge give to the jury the following instructions:

"1. That to find the defendant guilty of the offence charged, the government must show, beyond a reasonable doubt, that the defendant committed the offence with the specific intent of secretly confining and imprisoning Wilbur M. Fisher in this Commonwealth against his will.

"2. That to find the defendant guilty of the offence charged, the government must show, beyond a reasonable doubt, that the defendant knew that the legal custody of the child had been given to the mother.

"3. That to find the defendant guilty of the offence charged, the government must show, beyond a reasonable doubt, that the defendant knew of the father's specific intent to deprive the mother of the custody of the child.

"4. That to find the defendant guilty of the offence charged, the government must show, beyond a reasonable doubt, that the defendant had such knowledge of the intent and purpose of the father of the child to deprive the mother of his custody, and that the defendant coöperated with the purpose of the father.

"5. That to find the defendant guilty of the offence charged, the government must show, beyond a reasonable doubt, that the defendant knew that the father's specific intent and purpose was to unlawfully deprive the mother of the custody of the child."

The first request for instructions was granted. The others were refused.

The defendant also requested that the judge rule as follows:

"1. To sustain this indictment, the government must prove intent upon the part of the defendant. This intent had not been proved by the government and the jury must return a verdict of not guilty.

"2. The fact that the government has introduced some evidence that the father's intent was to deprive the mother of the child, does not prove such intent upon the part of the defendant and the jury must return a verdict of not guilty.

"3. The fact that the government has introduced in evidence that the father of the child deprived the child's mother of the custody of the child, even though the jury should find that the defendant assisted the father, is not sufficient to sustain the indictment against the defendant and the jury must return a verdict of not guilty.

"4. The most that the government has done to maintain this indictment is to introduce some evidence tending to show that the father of the child, with the assistance of the defendant, deprived the mother of the custody of the child, and under these facts the father and the defendant may be guilty of contempt of court orders, but the defendant is not guilty of the crime of kidnapping and the jury must return a verdict of not guilty under this indictment.

"5. To justify a verdict of guilty under this indictment, it would be necessary for the government to show by evidence of some nature that the defendant had such knowledge of the intent and purpose for which he was employed to remove the child from the custody of the mother, and that he coöperated in such purpose with the father of the child. The government has not introduced any evidence upon which the defendant could be charged with knowledge of the intent and purpose of the father, and the jury must return a verdict of not guilty.

"6. The evidence introduced by the government is insufficient to support the indictment because of the manifest variance between the allegations set forth in the indictment and the proof."

The trial judge refused to instruct and to rule as requested by the defendant Bresnahan, and he was found guilty.

At the trial of the indictment against Fisher, the defendant requested the following rulings:

"1. On all the evidence, the jury may find that up to July 19, 1924, the custody of the child was in both the father and mother, and that neither had an exclusive right to the custody of said child.

"2. On all the evidence in the case, the Commonwealth must satisfy the jury by proof beyond a reasonable doubt that the defendant, the father, had notice and knowledge of the decree of July 19, 1924, before he took possession of his child at Roxbury on August 6, 1924.

"3. If the jury find that the defendant Fisher, father of the child, had no notice and knowledge of the decree of July 19, 1924, said decree would not take effect and would not abridge the rights of the defendant, and he, therefore, could not be convicted of kidnapping.

"4. On all the evidence, the Commonwealth must satisfy the jury by proof beyond a reasonable doubt that the said defendant Fisher intended to permanently deprive the mother of the custody of said child, for if he intended merely to take the child away because of love or regard of the boy, intending to return the said boy to his mother, then the defendant Fisher is not guilty of kidnapping.

"5. On all the evidence, the Commonwealth must show by proof beyond a reasonable doubt that the child was forcibly or secretly confined against the will of the mother and unless this is shown, a verdict should be rendered for defendant."

The judge gave the first and refused the other rulings. The defendant Fisher was found guilty and alleged exceptions.

*J. J. Butler*, for the defendant Bresnahan.

*W. J. Patron & F. D. McCarthy* for the defendant Fisher, submitted a brief.

*G. Alpert*, Assistant District Attorney, for the Commonwealth.

PIERCE, J.   The defendant Stephen C. Bresnahan was tried February 12, 1925, and found guilty February 19, 1925, on an indictment under G. L. c. 265, § 26, charging him with the offence of kidnapping on August 6, 1924, one Wilbur M. Fisher, with intent to cause him to be confined in this Commonwealth. On March 19, 1925, a sentence of imprisonment and fine was imposed on the defendant.

At the close of the evidence the defendant requested the trial judge for five instructions to the jury. He also requested the judge to make six rulings. The judge gave the first request for instructions, and refused to give the remaining requests and the rulings asked for. To this refusal the defendant duly excepted.

At the close of the charge the defendant excepted to that part thereof wherein the judge said: "It is no defence in this case that the defendant acted as the agent of the father, if he did so act. That is, in case you find that the defendant was in this automobile with the father, it is no defence. Neither is it any defence, if you find that the defendant did take the child, that he did not know that the custody had been awarded to the mother. Nor is his belief that he was acting under lawful authority any defence, if you find that he was the person who took this child;" and also excepted to that part of the charge which reads: "If you feel that the government has shown beyond a reasonable doubt that he was the man who got out of that car and that judging from his actions or statements he had the intent to take that child and did put that child into the automobile, take him away from that place in Roxbury and put him elsewhere, then your verdict will be guilty."

The defendant Wilbur H. Fisher was tried March 12, 1925, on the first, second, third and fourth counts of an indictment under G. L. c. 265, § 26, charging him on the first count with unlawfully imprisoning on August 6, 1924, "one Wilbur M. Fisher . . . the minor son of the said Wilbur H. Fisher and of one Mary E. Fisher, and the said Wilbur M. Fisher being then and there in the lawful custody of his mother, the said Mary E. Fisher"; on the second count with forcibly carrying on August 6, 1924, without lawful authority, "one Wilbur M. Fisher out of this Commonwealth, the said Wilbur M. Fisher being then and there the minor son of the said Wilbur H. Fisher and of one Mary E. Fisher, and the said Wilbur M. Fisher being then and there in the lawful custody of his mother, the said Mary E. Fisher." On the third count the defendant Wilbur H. Fisher is charged with the offence of kidnapping on August 6, 1924, "one Wilbur M. Fisher, the said Wilbur M. Fisher being then and there the minor son

of the said Wilbur H. Fisher and of one Mary E. Fisher, and the said Wilbur M. Fisher being then and there in the lawful custody of his mother, the said Mary E. Fisher, with intent of him, the said Wilbur H. Fisher, to cause the said Wilbur M. Fisher to be secretly confined and imprisoned in this Commonwealth against his will." The fourth count of the indictment charged the defendant Wilbur H. Fisher with kidnapping "one Wilbur M. Fisher, the said Wilbur M. Fisher being then and there the minor son of the said Wilbur H. Fisher and of one Mary E. Fisher, and the said Wilbur M. Fisher being then and there in the lawful custody of his mother, the said Mary E. Fisher, with intent of him, the said Wilbur H. Fisher, to cause the said Wilbur M. Fisher to be sent out of this Commonwealth against his will."

At the close of the evidence the defendant Fisher requested the judge to give five requests for rulings. The judge declined to give the second, third, fourth and fifth requests, and the defendant duly excepted. No exceptions were taken or saved to the charge. The jury were directed by the judge to return a verdict of guilty on the first and second counts of the indictment, and the third and fourth counts were submitted to them. March 16, 1925, the jury returned a verdict of guilty on the first, second and fourth counts, and not guilty on the third count. March 19, 1925, a sentence of imprisonment and fine was imposed on said Wilbur H. Fisher on the fourth count, but no sentence has been imposed on the first and second counts.

The material facts common to both indictments which the jury could reasonably find, having regard to all presumptions and to the rule of proof beyond a reasonable doubt which governs the administration of the criminal law, are as follows: The defendant Bresnahan, with the defendant Fisher and another person, on August 6, 1924, between half past ten and eleven o'clock in the forenoon, drove an automobile on a street on which was the home of Mary E. Fisher. Near the home the defendants stopped the automobile. Bresnahan got out, picked up Wilbur M. Fisher, two years of age, who was playing in the street, handed him to his father, Wilbur H. Fisher, got into the automobile and drove away.

The material facts relating more particularly to the defendant Fisher are that Mary E. Fisher, the wife of the defendant, prior to August 6, 1924, had applied for a divorce; that, pending a hearing on that petition Mary E. Fisher and Wilbur H. Fisher, each had filed a petition for the custody of their child, Wilbur M. Fisher; that a hearing was had on or about July 18, 1924, on these petitions, at which Mary E. Fisher and Wilbur H. Fisher were present; that the court on July 19, 1924, granted a decree of custody in the words which follow: "Libellant, Mary Elizabeth Fisher to have custody of minor children, with right of the Libellee to visit said children at the home of Libellant once each week for a period of two hours between the hours of 9 A.M. and 7 P.M., until further order of the Court"; that no order for a decree of custody was made on July 18, 1924, while Wilbur H. Fisher and Mary E. Fisher were present in the equity motion session, in Boston; that Mary E. Fisher, about July 22, 1924, received notice of the fact that custody had been given to her.  There was no evidence that Wilbur H. Fisher ever received notice from the court of its decree for the custody of the child Wilbur M. Fisher.  The jury were also warranted in finding, on evidence, that the child was taken and held against the will of Mary E. Fisher.

The defendant Wilbur H. Fisher testified that he picked up his minor child, Wilbur M. Fisher, and took him away in an automobile to Worcester, Massachusetts, thence to Keene, New Hampshire, then to New York, and finally to Montreal, where he was placed in the care of a lady who conducted a baby nursery; that the child was recovered there by the mother and returned to Massachusetts, where he is living with his mother.

The requests for instructions and rulings, in each case, rest upon the assumption that to convict Fisher the Commonwealth must prove beyond a reasonable doubt that he "had actual knowledge of the entry of that decree" of the Equity Court, and that Bresnahan in assisting Fisher could not be guilty if the acts of Fisher were within his legal rights.

As regards Bresnahan the jury could find within the rule

of proof beyond a reasonable doubt that he knew of the purpose of Fisher to take the child from the custody of his mother, knew that such taking would be without the consent of the mother and child, knew that the child would be restrained in his free movements, and at all times be subject to the will of the father into whose custody Bresnahan had delivered him. Bresnahan knew when he picked up the child that it was an unlawful thing to do, in that it deprived the mother of her custody, unless there was a right in the father then and there to take the child with a strong hand from the mother. Bresnahan must be held to have known that his acts of seizure were unlawful unless the father in fact and in law had the then right to take the child from the custody of the mother. In a word, Bresnahan seized the child at his peril, and must be assumed to have taken him with the knowledge and intent that he would be secreted and confined as the purpose of Fisher should be fulfilled.

That Fisher intended to take the child from the custody of the mother is admitted; that when he took the child he intended to remove him from the jurisdiction of the court where his petition for custody had been denied for more than two weeks, could be found on his own testimony, as also upon the consideration that a father in the circumstances disclosed in all reasonable probability would have had ascertained that a decree had been issued giving the custody to his wife, Mary E. Fisher. Putting to one side the question of actual knowledge of the decree, it is plain Fisher was bound to ascertain the terms of the decree when it came down, and that he took the chance that such decree might be in favor of the petition of his wife and consequently acted at his peril.

There was no error in law in the refusal of the trial judge to give the requests and rulings, nor in the charge as given, in either case. *Commonwealth* v. *Nickerson*, 5 Allen, 518, 527.

*Exceptions overruled.*